UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NEAL M. CATLIN,                                    **DECISION AND ORDER**

                    Petitioner,                    Case No.: 07-CV-00641(M)

          v.

THE STATE OF NEW YORK,

                    Respondent.
_____

      Petitioner Neal Catlin, an inmate acting *pro se*, filed a petition under 28 U.S.C.

§2254 for a writ of habeas corpus on March 13, 2007 [1].[1]  The parties have consented to

proceed before a Magistrate Judge pursuant to 28 U.S.C. §636(c) [11].  For the following

reasons, I order that the petitioner file an amended petition by November 20, 2009, or the

petition will be dismissed for lack of jurisdiction.

      Respondent argues, *inter alia*, that the petition must be dismissed because it fails

to name the correct party, the person who has custody over petitioner, as a respondent, instead

naming the People of the State of New York. Respondent's Memorandum of Law [8], Point I.

Respondent argues that unless petitioner's custodian is named as the respondent, the court lacks

personal jurisdiction over the party responsible for petitioner's current custodial status. Id.   I

agree.

      Rule 2(a) of the "Rules Governing Section 2254 Cases in the United States

District Courts" requires that "[i]f the petitioner is currently in custody under a state court

judgment, the petition must name as respondent the state court officer who has custody".  *See*

---

[1]      Bracketed references are to CM/ECF docket entries.

*also* 28 U.S.C. §2242 ("An application for a writ of habeas corpus . . . shall allege . . . the name of the person who has custody over him"). "Absent an amended Petition naming the proper respondent, this Court lack[s] jurisdiction over this matter". <u>Green v. Behrle</u>, 2008 WL 4826321, *2 n. 1 (W.D.N.Y. 2008) (Scott, M.J.). Therefore, petitioner is ordered to amend his petition to name the proper respondent.[2]

  If petitioner names the proper respondent, I will consider the amended petition under advisement based upon the prior filings, including respondent's answer and memorandum of law [7 and 8]. However, if petitioner fails to file such an amendment by November 20, 2009, I will dismiss the petition [1] for lack of jurisdiction.


## CONCLUSION

  For these reasons, it is hereby ORDERED that the petitioner shall file and serve an amended petition naming the proper respondent on or before November 20, 2009. Failure to do so shall result in dismissal of the petition.

**SO ORDERED**.

DATED:  October 27, 2009

       /s/ Jeremiah J. McCarthy    
       JEREMIAH J. MCCARTHY
       United States Magistrate Judge

---

[2]  All other aspects of the petition [1] shall remain the same.